UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**SCANNED**

Case No. 07-60424-CIV-COHN/SNOW

JAMES A. WELDON, et al.,

      Plaintiffs,

v.

DICKERSON ELECTRIC CO., INC.,

      Defendant.
_____/

## ORDER OF STIPULATED FINAL JUDGMENT

**THIS CAUSE** is before the Court upon the parties' Stipulation for Entry of Final Judgment [DE 7], and having considered the Stipulation and the record, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that Final Judgment is entered in favor of Plaintiffs and against Defendant Employer Dickerson Electric Co., Inc. (the "Employer") for unpaid contributions on the hours spent performing bargaining unit work as set forth in the contribution reporting forms summary attached as Exhibit 1, which is incorporated by reference. The summary of these forms cover payroll periods between September 30, 2006 and January 31, 2007;[1] for all of which let execution issue. The Employer shall pay this amount in monthly installments.

In addition, for payroll periods of July 1, 2007 forward, until the Employer's obligations to make contributions to the Funds validly expires or ceases for whatever

---

[1] The Trustees reserve the right to file an unopposed motion to amend this judgment should any payroll records produced at any time show that worked hours that exceeded the amount of hours known to have been worked at this time.

valid and legal reason, the Employer shall cause to be made all contributions on behalf of covered employees to the Funds on a timely basis.

## TERMS OF INSTALLMENT PAYMENT PLAN

1) The Employer shall pay installments that average $2,500.00 per month.

2) The Employer agrees to tender a check for each installment payment made payable to the IBEW Local Union No. 728 Fringe Benefit Trust Funds Escrow Account, on or before the 10th day of the month beginning in July 2007.

3) The installment payments by the Employer are for and in consideration of the Trustees' agreement to forbear, and the Trustees' actual forbearance from continuing this litigation.

4) The Employer specifically acknowledges that such payments are not intended to, nor would they serve as any settlement of any other claims with regard to payments due from the Employer to the Trust Funds for any other payroll periods.

## GRACE PERIOD, MONTHLY PACE, AND WAIVER

5) The Employer shall have a thirty (30) day grace period, beyond each installment payment's due date, within which to make each installment payment.

6) For example, the July 2007 installment payment would become delinquent on August 11, 2007.

7) The Employer shall be required to keep pace with the average monthly payment of $2,500.00. Therefore, the Employer may, without penalty, pay more than one installment payment per month or pay a larger lump sum as an installment

payment.

8) The Employer's next monthly payment would not become due until the average monthly payment thus far contributed became less than $2,500.00 by the end of the applicable grace period.[2]

9) The Employer's monthly installment payment will be considered delinquent if the Employer has failed to make an installment payment by the end of a grace period or if its total installment payments are less than the average monthly payment of $2,500.00 by the end of a grace period.

**PENALTIES**

10) The Trustees reserve the right to immediately initiate litigation in any court of competent jurisdiction, without notice, to recover the remaining balance of the delinquent contributions owed, plus any applicable liquidated damages, interest, and attorneys' fees and costs accountant's fees, if either a monthly installment payment or a current monthly contribution due to post January 31, 2007 payroll reporting periods becomes delinquent.

11) The Employer's monthly contribution will be considered delinquent if it fails to submit contributions due to each post January 2007 payroll period as required and obligated by its collective bargaining agreement with IBEW Local Union No. 728 and the governing documents of the IBEW Local Union No. 728 Fringe Benefit Trust Funds.

---

[2] For example, if the Employer makes an initial installment payment of $10,000.00 by July 10, 2007, the next installment payment would be due on or before November 10, 2007, which would become delinquent on December 11, 2007 (the end of the applicable grace period).

3

12) In the event of such a delinquency, the Trustees reserve the right to initiate such litigation, either as a delinquent contributions action, pursuant to ERISA, or as a damages action, to enforce the terms of this agreement.

## MANNER OF PAYMENT

13) The installment payment checks shall be sent to the attorneys for the Trust Funds, Sugarman & Susskind, P.A. at 100 Miracle Mile, Suite 300, Coral Gables, Florida 33134.

14) The Employer shall tender a check or payment for the post January 2007 payroll reporting periods in the same manner as it has previously done.

## MISCELLANEOUS

Though execution shall issue, the Trustees agree to forego execution and agree that they shall not record the judgment, unless default occurs. Finally, the Plaintiffs Trustees shall file, within twenty days of satisfaction, a Satisfaction of Judgment upon the Employer's compliance with the above-referenced terms.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 24th day of August, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

| Date | Amt | Payments | Ck. No. | | | | |
|---|---|---|---|---|---|---|---|
| October - 2006 | $47,580.56 | ($975.80) | 30074 Plan B H&W | 12/1/2006 | ($500.00) | 30225 728-Electropac | $46,104.76 |
| November - 2006 | $30,929.96 | ($704.65) | 30174 Plan B H&W | 1/18/2006 | ($500.00) | 30226 728-Dues | $29,725.31 |
| December - 2006 | $38,717.91 | ($768.83) | 30176 Plan B H&W | 1/22/2006 | | | $37,949.08 |
| January - 2007 | $19,030.22 | | | | | | $19,030.22 |
| | $136,258.65 | ($2,449.28) | | | ($1,000.00) | | $132,809.37 |